*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Kathryn C. Ferguson, USBJ*                                                                         *(609) 989-0494*

April 27, 2009

Jeffrey S. Posta, Esquire
STARK & STARK
PO Box 5315
Princeton, New Jersey 08648

Christine Barba, Esquire
MCCARTER & ENGLISH, LLP
Four Gateway Center
10 Mulberry Street
Newark, New Jersey 07102

                                Re:    Solomon Dwek - Case No. 07-11757

                                      Jack Hakim and AJH Investments, Inc. vs.
                                      Solomon Dwek, 10 Neptune LLC, and
                                      Charles A. Stanziale, Jr., Chapter 11 Trustee
                                      Adversary No.07-1764

                                      Hearing Date: March 30, 2009
                                      Document Number 25

Mr. Posta and Ms. Barba:

       Defendants 10 Neptune, LLC and Charles Stanziale, move for partial summary judgment on Count IV of the Complaint. Count IV is titled "determination of ownership interest in property" and seeks relief based on an encyclopedic list of equitable remedies including: constructive trust, express or implied trust, resulting trust, equitable title, equitable lien, and equitable subordination. The

Court took oral argument on March 30, 2009, and reserved decision.

I. <u>Summary Judgment standard</u>

Summary judgment is not lightly granted. The Federal Rules provide that summary judgment should be granted only when the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. Pro.* 56(c). The party moving for summary judgment has the burden of establishing the nonexistence of any genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The Third Circuit has stated that whenever there is even the "slightest doubt regarding the facts of a case, summary judgment should not be granted." <u>Tomalewski v. State Farm Life Ins, Co.</u>, 494 F.2d 882, 884 (3d Cir. 1984). Facts must be viewed in the light most favorable to the party against whom summary judgment is sought. <u>Tran v. Metropolitan Life Ins. Co.</u>, 408 F.3d 130, 135 (3d Cir. 2005).

That does not mean that summary judgment is never appropriate. When a party opposes a summary judgment motion, it may not rely on vague allegations or denials. The pivotal language in the Rule is that the nonmoving party must come forward with "specific facts showing that there is a **genuine** issue for trial." *Fed. R. Civ. Proc.* 56(e) (emphasis added). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>In re CitX Corp., Inc.</u>, 448 F.3d 672 (3d Cir. 2006).

II. <u>Factual background</u>

The Defendants state that for the purposes of this motion, the following facts from the Complaint should be deemed true and undisputed:

1. In September 2005, Solomon Dwek (the "Debtor") proposed that Jack Hakim, through his business AJH Investments, Inc. ("Plaintiffs"), enter into a real estate

> transaction with the Debtor to purchase 10 Neptune Boulevard, Neptune, NJ (the "Property").
>
> 2. The Plaintiffs were to provide $2,600,000 of the alleged $5,200,000 purchase price and were to be 50% owners of the Property.
>
> 3. Prior to the purchase of the Property, the Debtor represented to the Plaintiffs that he had secured a buyer to purchase the Property from them for $5,900,000.
>
> 4. The Debtor showed the Plaintiffs a signed Agreement of Sale[1] that purported to reflect the signatures of the Debtor and the proposed purchaser.
>
> 5. Plaintiffs executed the Agreement of Sale and transferred the agreed upon $2,600,000 to the Debtor.
>
> 6. In or around January 2006, the Property was purchased solely in the name of Defendant 10 Neptune, LLC.
>
> 7. The Agreement of Sale was a forgery and the purported buyer, Colonial Health, Inc., did not exist.
>
> 8. Defendant 10 Neptune, LLC listed the Property as an asset in its bankruptcy schedules valued at $4,350,000 encumbered by a mortgage held by Capmark Finance, LLC in the amount of $3,230,000.

*Defendants' brief* at 5-6.

III. Discussion

The Defendants advance two primary arguments: (1) that pursuant to § 544(a)(3) the Trustee's interest trumps any unrecorded interest in the property[2]; and (2) that the Plaintiffs did not

---

[1] The Agreement of Sale listed the sellers as Solomon Dwek and AJH Investments, Inc. and the buyer as Colonial Health, Inc. *Opposition Cert. of Jeffrey Posta [Ex. D]*

[2] The precise parameters of Defendants' argument are unclear. If the Defendants contend that even if this Court imposes a constructive trust then the Trustee can still prevail under § 544, that argument can be rejected out of hand. The Third Circuit has held (in the context of a statutory trust) that "Section 541(d)'s limitation on the scope of the bankruptcy estate prevails over the trustee's strong-arm powers under section 544 of the Code." Universal Bonding Ins. Co. v. Gittens and Sprinkle Enterprises, Inc., 960 F.2d 366, 372 n. 2 (3d Cir. 1992). If this Court finds that imposition of a constructive trust is appropriate, the trust res does not become property

have an equitable interest in the property at the time of the bankruptcy filing. The Court will address the latter argument first because if the Defendants are correct, they prevail regardless of § 544(a)(3).

A. Equitable interests

The Defendants argue that the Plaintiffs' attempt to be treated in a manner superior to all other unsecured creditors must fail because "the constructive trust they seek must have been judicially established pre-petition to bind the Trustee ...." *Defendants' Brief* at 13. That argument finds some support in other Circuits. Most notably, the Sixth Circuit Court of Appeals found that "[b]ecause a constructive trust, unlike an express trust, is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment "impressing" defendant's property or assets with a constructive trust." In re Omegas Group, Inc., 16 F.3d 1443 (6th Cir. 1994). The Omegas court found that it is inappropriate to recognize a constructive trust in bankruptcy unless property had been impressed with a constructive trust in a separate pre-petition proceeding or state law imposes such a trust automatically upon the occurrence of certain events (such as in the construction context). The Omegas court noted that recognition of constructive trusts in bankruptcy under circumstances other than a pre-petition judgment is dangerous because "each unsecured creditor desires to have his particular claim elevated above the others [and] [i]mposition of a constructive trust clearly thwarts the policy of ratable distribution." Id. at 1452; *see also*, In re Stotler and Co., 144 B.R. 385, 388 (N.D. Ill. 1992) ("a constructive trust is fundamentally at odds with the general goals of the Bankruptcy Code."). To the Omegas court, the answer for a defrauded person in bankruptcy lies with § 523 rather than in equitable remedies such as a constructive trust.

---

of the estate by operation of § 541(d).

4

The Omegas court stated in no uncertain terms that: "Constructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor." Id. at 1452.

Not all courts find the issue as clear cut. In a recent pithy understatement, one bankruptcy judge noted that the "imposition of constructive trusts in bankruptcy cases has not produced uniform results and the law remains unsettled." In re Pina, 363 B.R. 314 (Bankr. D. Mass. 2007); *see also,* Carlson Orchards, Inc. v. Linsey (In re Linsey), 296 B.R. 582, 585-86 (Bankr. D. Mass. 2003) ("The issue of whether constructive trusts may be imposed or recognized by bankruptcy courts has produced disparate judicial views and remains unsettled."); Cox v. Cox, 247 B.R. 556, 572 (Bankr. D. Mass. 2000) (discussing the controversy surrounding the use of constructive trusts in bankruptcy). In In re Bake-Line Group, LLC, 359 B.R. 566 (Bankr. D. Del. 2007), despite an extensive discussion of the treatment of constructive trusts in bankruptcy, the court was unable to identify any test or factors a court should apply when faced with a request to impose a constructive trust post-petition. The Bake-Line court did conclude, (the Omegas case notwithstanding), that constructive trusts are not *per se* inconsistent with the equities of bankruptcy. When distilled down to their essence, the holdings of these cases is not that bankruptcy courts do not have the power to impose a constructive trust post-petition, but rather that Bankruptcy courts should tread very lightly.

A survey of the Circuit Courts of Appeal that have directly addressed the issue show a grave concern over the application of the constructive trust remedy in bankruptcy. The Second Circuit Court of Appeals noted that courts should proceed with caution in this area because of the "tension between constructive trust law and bankruptcy law." In re First Central Financial Corp., 377 F.3d 209, 217 (2d Cir. 2004). Likewise, the Fifth Circuit Court of Appeals noted that "the constructive

trust doctrine can wreak ... havoc with the priority system ordained by the Bankruptcy Code." In re Haber Oil Co., 12 F.3d 426, 436 (5th Cir. 1994).  In In re North American Coin & Currency, Ltd., 767 F.2d 1573 (9th Cir. 1985) The Ninth Circuit Court of Appeals observed:

> While we agree that any constructive trust that is given effect must be a creature of [state] law, we cannot accept the proposition that the bankruptcy estate is automatically deprived of any funds that state law might find subject to a constructive trust. A constructive trust is not the same kind of interest in property as a joint tenancy or a remainder. It is a remedy, flexibly fashioned in equity to provide relief where a balancing of interests in the context of a particular case seems to call for it ... Moreover, in the case presented here it is an inchoate remedy; we are not dealing with property that a state court decree has in the past placed under a constructive trust. We necessarily act very cautiously in exercising such a relatively undefined equitable power in favor of one group of potential creditors at the expense of other creditors, for ratable distribution among all creditors is one of the strongest policies behind the bankruptcy laws.

Id. at 1575.

An analysis of the Third Circuit's cases in this area is equally unilluminating.  The Plaintiffs cite In re Bridge, 18 F.3d 195 (3d Cir. 1994) as an example of a case in which an equitable remedy, specifically an equitable lien, was imposed post-petition.  In Bridge, the holder of an unrecorded mortgage brought an adversary proceeding seeking to establish that it had an equitable lien on the debtor's property.  The Third Circuit, relying on New Jersey law, found that the mortgagee was entitled to an equitable lien.  That holding, although dealing with an equitable lien as opposed to a constructive trust, supports this Court's observation that most cases do not question a court's authority to impose equitable remedies post-petition, but rather the propriety.

The Plaintiffs also cite to City of Farrell v. Sharon Steel Corp., 41 F.3d 92 (3d Cir. 1994) and In re Columbia Gas Systems, Inc., 997 F.2d 1039 (3d Cir. 1993) in support of their position.  Those cases are more relevant.  In Columbia Gas, which involved a Chapter 11 debtor, the Third Circuit did not directly address the issue of the propriety of imposing a constructive trust in bankruptcy.

There was no discussion of the tension between the priorities of the Bankruptcy Code and the principals of trust law. Instead, the Court merely assumed that a constructive trust need not have been judicially imposed pre-petition to be recognized in bankruptcy. In that case, the court used federal common law to find that an implied trust existed with regard to customer payments for natural gas. The Court found that the "legislative history of section 541(d) makes clear that when a debtor collects money on behalf of another, this money is held in constructive trust for the intended eventual recipient even absent any misconduct." Id. at 1056. In Sharon Steel, the court found that a Pennsylvania law that required a debtor to withhold city income tax from its employees' wages established a trust fund relationship between the debtor and the city for the payment of the withheld taxes. Once again, the Third Circuit was faced with the propriety of recognizing a trust post-petition but did not acknowledge any possible issues regarding the interaction of bankruptcy law and trust law. Therefore, this Court must conclude that the Third Circuit does not share some of its sister Circuits view that it is inadvisable to impose constructive trusts in bankruptcy[3].

One aspect all of the cases agree upon is that absent a countervailing federal interest (such as in Columbia Gas), a court should apply state law to determine whether to impose a constructive trust. *See, e.g.,* In re First Central Financial Corp., 377 F.3d 209, 218 (2d Cir. 2004) Under New Jersey law a constructive trust can be imposed where property has been transferred by a wrongful act including fraud, mistake or undue influence or where property has not been wrongfully acquired but retention would result in unjust enrichment. *See, e.g.* Carr v. Carr, 120 N.J. 336, 351 (1990)

---

[3] The Court notes that there are bankruptcy courts in this District that have applied the Sixth Circuit's reasoning in Omegas, *e.g.*, In re Lawrence, 237 B.R. 61, 81 (Bankr. D.N.J. 1999), but those courts have not reconciled that with the Third Circuit's results in Columbia Gas or Sharon Steel.

("Constructive trusts are invoked to prevent unjust enrichment or fraud."); *see also*, Stewart v. Harris Structural Steel Co., Inc., 198 N.J. Super. 255 (App. Div. 1984); In re Lawrence, 237 B.R. 61, 81 (Bankr. D.N.J. 1999). The New Jersey Supreme Court has stated that a constructive trust should "be impressed in any case where to fail to do so will result in an unjust enrichment." D'Ippolito v. Castoro, 51 N.J. 584, 588 (1968). "It is also well settled in New Jersey that '[g]enerally all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undue influence ... which has resulted in a transfer of property.'" In re DeLauro, 207 B.R. 412, 415 (Bankr. D.N.J. 1997) (quoting D'Ippolito at 589). The standards for imposing a constructive trust under New Jersey law are very simple and have been reaffirmed time and again. The New Jersey Appellate Division recently had occasion to reiterate the underlying rationale for constructive trusts: "When property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity converts [the owner] into a trustee." Kay v. Kay, 405 N.J. Super. 278, 284-85 (App. Div. 2009) (internal quotations omitted).

In this case, the Defendants have conceded all of the facts that the Court needs to impose a constructive trust. They acknowledge that in September 2005 the Debtor proposed to the Plaintiffs that they provide him with half the purchase price for the Property. They acknowledge that the Plaintiffs and the Debtor were each to own 50% of the Property following the purchase. They acknowledge that the Plaintiffs provided the Debtor with $2,600,000 toward the purchase of the Property. They acknowledge that in January 2006, the Property was purchased solely in the name of the Defendant 10 Neptune, LLC and that the Plaintiffs names were not listed as 50% owners. Since the admitted facts indicate that the Debtor fraudulently induced the Plaintiffs into supplying

8

half of the purchase price of the Property, the Debtor, through 10 Neptune, LLC, would be unjustly enriched if he retained 100% ownership of the Property. Therefore, a constructive trust should be impressed, because failure to do so would result in an unjust enrichment. *See*, D'Ippolito v. Castoro, 51 N.J. 584, 588 (1968).

B.  Trustee's strong arm powers under § 544(a)(3)

For the purposes of this argument it is important to distinguish between an equitable lien and a constructive trust. In Bridge, the Third Circuit found that an equitable lien could be defeated by a trustee's strong arm powers under § 544(a)(3). In re Bridge, 18 F.3d 195 (3d Cir. 1994). The Defendants also cite to the case of MorEquity, Inc. v. Stanton, 2007 WL 685461 (N.J. App. Div. March 8, 2007) and several others that involve equitable liens. Those cases are distinguishable from the situation here, where the Court has imposed a constructive trust as opposed to an equitable lien. As the Court noted at outset of this discussion, when it comes to trusts the Third Circuit has found that "Section 541(d)'s limitation on the scope of the bankruptcy estate prevails over the trustee's strong-arm powers under section 544 of the Code." Universal Bonding Ins. Co. v. Gittens and Sprinkle Enterprises, Inc., 960 F.2d 366, 372 n. 2 (3d Cir. 1992). Judge Winfield reached the same conclusion in In re DeLauro, 207 B.R. 412 (Bankr. D.N.J. 1997). In DeLauro, the court found that a state court judgment imposed a constructive trust in favor of a debtor's former spouse. After reaching that conclusion, the court examined weather the resulting trust could be defeated by the Trustee's strong arm powers. The Court concluded that

> the constructive trust is valid as against the trustee's avoidance powers and may not be avoided. Sections 544(a)(1) and (a)(3) do not confer upon a trustee any greater powers than are available to an actual creditor or subsequent purchaser under state law. In re Bridge, 18 F.3d 195, 200 (3d Cir.1994); Elin, 20 B.R. at 1018-19 (Congress "did not intend to transform the trustee into a 'super-priority' creditor.").
> Under N.J.S.A. 46:22-1 only instruments recordable under N.J.S.A. 46:16-1 must be recorded to defeat a subsequent judgment creditor or bona fide purchaser

9

> without notice. Unsurprisingly, constructive trusts which are imposed by the courts, rather than created by written instrument, are not covered by N.J.S.A. 46:16-1. Roger A. Cunningham & Saul Tischler, 29 New Jersey Practice, Law of Mortgages, § 103 at 401 (1975). Similarly, "equitable interests not created by a recordable instrument-i.e., arising by implication, prescription, or operation of law-are valid as against subsequent judgment creditors without notice." Id., § 104 at 402; In re L.D. Patella Const. Corp., 114 B.R. 53, 58 (Bankr.D.N.J.1990); Matter of Pearl, 40 B.R. 860, 864-65 (Bankr.D.N.J.1990). Thus, the trustee's reliance on the New Jersey recording statute as the basis for employment of the Trustee's strong arm powers is unavailing.

Id. at 416. This Court finds that reasoning compelling.

The Defendants cite In re Tleel, 876 F.2d 769 (9th Cir. 1989) for the proposition that "[i]nchoate equitable interests may be avoided by a trustee even if they result from the wrongful or fraudulent conduct of the debtor." *Defendants' Brief* at 12. Tleel stands for that proposition, but since it is in direct conflict with binding precedent, that case cannot control the outcome here. *See*, Universal Bonding Ins. Co. v. Gittens and Sprinkle Enterprises, Inc., 960 F.2d 366, 372 n. 2 (3d Cir. 1992). Even if the Third Circuit had not spoken on the issue, this Court finds the reasoning in DeLauro and similar cases more persuasive.

Therefore, the Court will deny the Trustee's motion for summary judgment dismissing Count IV of the Complaint with the standard order.

                                       */s/ Kathryn C. Ferguson*
                                       KATHRYN C. FERGUSON
                                       US Bankruptcy Judge